UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HABIB SOUMANO,
    Plaintiff,

        vs.

EQUIFAX CREDIT INFO SER., INC., et al.,
    Defendants.

Case No. 1:16-cv-313
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

## I. Background

Plaintiff filed this pro se action in the Hamilton County, Ohio Court of Common Pleas,

on January 21, 2016, against six defendants. (Doc. 4). Plaintiff seeks the removal of "negative

and incorrect information" from consumer reports maintained by each defendant under his name

and social security number. (*Id*. at 1). He also seeks compensatory damages. Plaintiff alleges

that he asked defendants several times to investigate the accounts listed on the credit report, but

defendants did not provide any evidence such as a copy of a contract or documents bearing the

signature of the person who allegedly set up or signed for the accounts.

Defendants removed the case to federal court on February 16, 2016. (Doc. 1). Following

removal of the case, four of the six defendants stipulated to dismissal with prejudice, were

voluntarily dismissed from the lawsuit by plaintiff, or reached a settlement with plaintiff. (Docs.

20, 21, 26, 34). Defendants Equifax Credit Information Services, Inc. (Equifax) and Early

Warning Services, LLC (EWS) are the only two remaining defendants. The matter is before the

Court on defendant EWS's motion for partial dismissal/motion for more definite statement (Doc.

7) and defendant Equifax's motion to dismiss the complaint. (Doc. 14).

EWS filed its motion for partial dismissal/motion for more definite statement on February 22, 2016. (Doc. 7). EWS moved to dismiss plaintiff's claim for injunctive relief and for an order pursuant to Fed. R. Civ. P. 12(e) requiring plaintiff to plead his claims for compensatory damages with greater specificity. On February 23, 2016, defendant Equifax filed its motion to dismiss the complaint. (Doc. 14). The Court issued a Notice to plaintiff on February 24, 2016, informing him that his failure to respond to defendants' motions within 21 days from the date of service might warrant dismissal of his claims against these defendants pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 16). Defendant EWS filed a reply in support of its motion on March 28, 2016, alleging that the Court should either grant the motion based on plaintiff's failure to file a response or dismiss the complaint in its entirety. (Doc. 23). Equifax filed a reply in support of its motion to dismiss on April 4, 2016, arguing that its motion should be granted as unopposed. (Doc. 24). On May 26, 2016, the Court issued an Order stating that the Notice issued in February 2016 had been returned by the U.S. Postal Service as undeliverable and noting that plaintiff had since updated his address with the Court. (Doc. 31). The Court directed the Clerk to re-serve defendants' motions on plaintiff at his new address. (*Id.*). The Court informed plaintiff that he had 21 days from the date of the Order to file a response to defendants' motions and again cautioned plaintiff that his failure to do so might warrant dismissal of his claims against EWS and Equifax for failure to prosecute. (*Id.*).

Plaintiff subsequently filed a response on June 22, 2016, which he captioned "Response to Equifax Motion to Dismiss and Motion for More Definite Statement."[1] (Doc. 35). Plaintiff argues in his response that Ohio does not require a plaintiff to set forth the "fine details" of his case in the complaint. (*Id.* at 2). Plaintiff alleges that his complaint put defendants on notice of

_____

[1] In fact, Equifax filed only a motion to dismiss (Doc. 14), whereas EWS filed a motion to dismiss/motion for a more definite statement (Doc. 7).

2

the nature of the dispute. He asserts he has clearly contended and "will present facts to support

the notion that [defendants] did not respond with any evidence such as copies of contracts, or

other elements bearing the signature of the person who setup or signed up for any of these

accounts." (*Id*. at 2).

EWS filed a second reply in support of its motion for partial dismissal/motion for more

definite statement on June 27, 2016, seeking to dismiss plaintiff's claims against EWS in their

entirety. (Doc. 36). EWS notes that plaintiff specifically mentions only Equifax in his response,

but EWS acknowledges the response appears to address both defendants' motions. EWS argues

that plaintiff's complaint must be dismissed because plaintiff has not presented a factual basis for

his claims and he has therefore failed to satisfy federal pleading standards.

Defendant Equifax filed a second reply in support of its motion to dismiss on July 6,

2016. (Doc. 37). Equifax alleges that the complaint should be dismissed pursuant to Fed. R.

Civ. P. 41(b) for failure to prosecute based on plaintiff's failure to file a timely response to its

motion to dismiss. (*Id*. at 2-3). Equifax further alleges that the complaint should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6). Equifax construes plaintiff's claim as brought under the

Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*., and argues that (1) the complaint

does not allege any misconduct by defendant that is actionable under the FCRA, and (2) plaintiff

cannot obtain injunctive relief under the FCRA.

**II. Standard of review**

**A. Rule 12(b)(6)**

When deciding a motion to dismiss under Rule 12(b)(6), the reviewing court must

construe the complaint in the light most favorable to the nonmoving party and accept all well-

pled factual allegations as true.[2] *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir.), *cert. denied*, 135 S. Ct. 758 (2014). The complaint must contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory" to survive the motion. *Id*. (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (citation and internal quotation marks omitted)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id*. (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (citation and quotation marks omitted)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B. Rule 12(e)**

Fed. R. Civ. P. 12(e) provides that if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," the responding party may move for a more definite

---

[2] Although plaintiff relies on Ohio procedural law, this case is governed by federal law, including the Federal Rules of Civil Procedure. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 441 (1974).

statement before filing a responsive pleading. Fed. R. Civ. P. 12(e). Rule 12(e) motions are

generally disfavored in light of liberal federal pleading and discovery rules. *Monahan v. Smyth*

*Automotive, Inc.*, No. 1:10-cv-00048, 2011 WL 379129, at *3 (S.D. Ohio Feb. 2, 2011). *See also*

*Stewart v. Gracik,* No. 1:10-cv-698, 2011 WL 4559179, at *3 (W.D. Mich. Aug. 26, 2011) (Rule

12(e) motions are rarely granted in view of the notice pleading standards of Rule 8(a)(2)).

Motions for a more definite statement are designed to address unintelligibility rather than a lack

of detail. *United States v. Paul,* 6:07-cv-36, 2008 WL 2074024, at *2 (E.D. Ky. May 13, 2008)

(citing *Schwable v. Coates*, No. 3:05-cv-7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18,

2005)). The court should grant such a motion only when "the complaint is so vague or

unintelligible that it is virtually impossible for the defendant to craft its responsive pleading."

*Monahan*, 2011 WL 379129, at *3 (citing, e.g., *Shaffer v. Eden,* 209 F.R.D. 460 (D. Kan. 2002);

*Synagro-WWT, Inc. v. Rush Tp., Penn.,* 204 F. Supp.2d 827, 849 (M.D. Pa. 2002)).

**III. Defendants' motions should be denied.**

> **A. Defendant EWS's motion for partial dismissal/motion for a more definite statement (Doc. 7)**

Defendant EWS alleges that although not labeled as such, plaintiff's claim against it falls

under the FCRA. (Doc. 7 at 4). Defendant moves to dismiss plaintiff's request for injunctive

relief on the ground the FCRA does not provide for a grant of injunctive relief to a private

litigant. (*Id*. at 4-5, citing 15 U.S.C. §§ 1681n, 1681o). Defendant acknowledges that the Sixth

Circuit has not conclusively decided this issue; however, defendant asserts that some district

courts in the Sixth Circuit have relied on the statutory text of the FCRA to dismiss claims for

injunctive relief at the pleading stage. (*Id*. at 5, citing cases). Defendant moves for a more

definite statement on plaintiff's claim for compensatory damages on the ground plaintiff's

complaint is so vague and ambiguous that EWS cannot reasonably prepare a response.[3] (*Id.* at 6-7).

Defendant EWS's motion for a more definite statement should be denied. Although plaintiff's complaint is sparse, it is not so vague that defendant EWS cannot reasonably be required to formulate a response. To the contrary, defendant's motion to dismiss demonstrates that the complaint is intelligible and sufficient to advise defendant of the alleged wrongdoing that forms the basis of plaintiff's complaint. In moving to dismiss plaintiff's claim for injunctive relief, defendant acknowledged that plaintiff brings claims against all defendants under the FCRA based on his factual allegations that he sent them certified letters to request that they investigate accounts listed on his credit report but he did not obtain any result. (*Id.* at 3). Defendant's ability to formulate a response to plaintiff's complaint in moving to dismiss his request for injunctive relief shows that the complaint is neither "so vague [n]or unintelligible that it is virtually impossible for [] defendant to craft its responsive pleading." *See Monahan*, 2011 WL 379129, at *3. The complaint adequately apprises defendant of plaintiff's claim that he asked defendant to investigate information regarding accounts on his credit report without obtaining any result.

Defendant EWS's motion to dismiss plaintiff's claim for injunctive relief should also be denied. It is not necessary to address at the pleading stage what remedies are available to plaintiff should he prevail on the merits of his claim against EWS. Resolution of this issue should await further procedural development of the case.

---

[3] Defendant indicates in its reply memoranda in support of its motion for partial dismissal/motion for a more definite statement that dismissal is the appropriate remedy and that it would be futile to obtain a more definite statement. (Doc. 23 at 2; Doc. 36 at 4). Because defendant's request to dismiss plaintiff's complaint in its entirety is not properly raised for the first time in a reply memorandum, the undersigned has not addressed the request in this Report and Recommendation.

**B.  Defendant Equifax's motion to dismiss (Doc. 14)**

Defendant Equifax contends in its second reply memorandum in support of its motion to dismiss that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.[4] (Doc. 37).  Equifax argues that dismissal is warranted because plaintiff did not respond to its motion to dismiss as required by the Court's May 26, 2016 Order, which cautioned plaintiff that failure to timely respond to the motion might result in dismissal of his complaint for failure to prosecute. (Doc. 31).  Equifax notes that instead of responding by June 15, 2016 as ordered by the Court, plaintiff filed his response one week late on June 22, 2016. (*See* Doc. 35).

Plaintiff's one-week delay in responding to Equifax's motion to dismiss does not warrant dismissing plaintiff's case for failure to prosecute.  The delay was brief and did not adversely impact the litigation.  Further, plaintiff filed several additional documents between the date the Court issued the Order and the date he filed his response, thus demonstrating his intent to prosecute this matter.   Accordingly, defendant Equifax's request to dismiss the complaint pursuant to Rule 41(b) should be denied.

Defendant Equifax's motion to dismiss the complaint pursuant to Rule 12(b)(6) should also be denied.  In its motion to dismiss, Equifax construes the complaint as asserting a claim under the FCRA, 15 U.S.C. § 1681, *et seq*. (Doc. 14 at 4).  Equifax contends that the complaint does not allege it engaged in any misconduct under the statute, including by failing to comply with the procedure to be followed where a consumer disputes the accuracy of information in a

---

[4] The Court gave plaintiff an opportunity to respond to Equifax's motion after defendant filed its first reply in support of the motion to dismiss requesting that the Court grant the motion as unopposed. (Doc. 31).  Plaintiff thereafter filed his response to Equifax's motion. (Doc. 35).

consumer file. (*Id.* at 5, citing 15 U.S.C. § 1681i(a)).[5]  Equifax alleges that the "crux" of plaintiff's lawsuit is it failed to provide documentary evidence after plaintiff asked it to investigate items in his credit report. (*Id.*; Doc. 37 at 5-6).  Equifax argues that neither § 1681i(a) nor any other provision of the FCRA require a credit reporting agency to provide such documentation to a consumer. (*Id.*).

By focusing on plaintiff's allegation that he did not obtain documentation in response to requests he made to defendants, Equifax improperly seeks to construe the complaint in a constricted manner that is inconsistent with the liberal pleading standards applicable to a pro se complaint. *See Erickson*, 551 U.S. at 94.  Liberally construed, plaintiff's complaint apprises defendant Equifax of the basis for his claim against it.  The complaint notifies defendant that plaintiff asked it to investigate disputed information regarding accounts in his credit report, but plaintiff did not obtain "any result." (Doc. 4 at 2).  These allegations state a plausible claim under the FCRA against Equifax for purportedly failing to follow the procedure set forth in § 1681i(a) after plaintiff reported that his consumer report contained incorrect information. (Doc. 4).  Because plaintiff's complaint satisfies the notice pleading requirements of Fed. R. Civ. P. 8(a) by apprising defendant of the basis for his claim and further states a plausible claim for relief under *Iqbal*, 556 U.S. at 678, Equifax's motion to dismiss plaintiff's claim under the FCRA should be denied.  Equifax's motion to dismiss plaintiff's request for injunctive relief on

---

[5] Section 1681i(a), "Reinvestigations of disputed information," provides that the following reinvestigation is required: "(A) In general.--Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(1)(A).

the additional ground that such relief is not available under the FCRA should be denied for the same reasons stated in connection with EWS's motion for partial dismissal.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant EWS's motion for partial dismissal/motion for more definite statement (Doc. 7) be **DENIED**.

2. Defendant Equifax's motion to dismiss the complaint (Doc. 14) be **DENIED**.

Date: 7/25/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HABIB SOUMANO,                                          Case No. 1:16-cv-313
    Plaintiff,                                        Black, J.
                                                      Litkovitz, M.J.

    vs.

EQUIFAX CREDIT INFO SER., INC., et al.,
    Defendants.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).